

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**JOSHUA FRIEDMAN**
Assistant Corporation Counsel
E-mail: jofriedm@law.nyc.gov
Phone: (212) 356-2368
Fax: (212) 356-3509

October 3, 2016

**BY ECF**
Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:     <u>Bernard Graves v. City of New York, et al., 16-cv-2268(MKB)(VMS)</u>

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendant The City of New York (hereinafter the "City") in the above-referenced matter.  Defendants write, pursuant to Rule 3(A)(i) of Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference.  For the reasons set forth below, defendant City respectfully submits that it has a good faith basis for move for dismissal of plaintiff's complaint pursuant to FED. R. CIV. P. 12(c).  More specifically, plaintiff has failed to identify individual officers within the statute of limitations period such that amending the complaint to substitute individual defendants for "John Does" now would be futile.

**Background**

        On May 5, 2016, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 alleging that on July 20, 2013, he was subjected to an unlawful stop, falsely arrested and that excessive force was used against him.  <u>See</u> plaintiff's Complaint, Dkt. No. 1.  Plaintiff does not allege state law claims.  Plaintiff named as defendants the City of New York and "John/Jane Doe 1-20."  No individual defendants were named.  On June 5, 2016, plaintiff's counsel sent a letter to defense counsel requesting defendants identify the officers involved in the underlying arrest. On July 6, 2016, the undersigned telephonically contacted plaintiff's counsel to discuss difficulties defendant City had with identifying the officers.  On July 7, 2016 defense counsel sent a follow up email to plaintiff's counsel seeking more information that would assist with identifying the officers.  More specifically, defense counsel asked whether plaintiff received a

Desk Appearance Ticket or a summons; which court handled this matter and whether plaintiff could provide a description of the officers.  Plaintiff's counsel never responded.  On July 20, 2016 – the day the statute of limitations ran – defense counsel again contacted plaintiff's counsel seeking to confer and follow up for the information requested and further informed plaintiff's counsel that efforts on our end to identify the officers had been exhausted (despite plaintiff's obligation to exercise due diligence as discussed below).  Again, plaintiff's counsel never responded.  On July 25, 2016 – 5 days after the statute of limitations expired – defense counsel once again emailed plaintiff's counsel to discuss our inability to identify the officers.  Plaintiff's counsel finally responded on July 25 that he had just spoken to his client, who had not previously returned any of his attorney's phone calls.  Plaintiff's counsel further stated that he was unaware of the summons, DAT or docket number for the underlying criminal case.  On July 29, 2016 – 9 days after the statute of limitations ran – plaintiff's counsel indicated for the first time that he had obtained a video of the incident which may depict officers' involved.  However that video was not produced until August 1, 2016 at the Initial Conference - 12 days after the statute of limitations had already ran.  At no time prior did plaintiff's counsel indicate he or his client possessed a video of the incident or even mentioned that a video may have existed.  Plaintiff's counsel did, however, indicate at the Initial Conference that he purportedly made 4 FOIL requests, but refused to provide any other information related to the nature of the requests and also refused to produce documentation of same.

Accordingly, because plaintiff failed to identify the officers before the statute of limitations ran, this case should be dismissed.

## DEFENDANT'S PROPOSED MOTION

### *Relation Back: Rule (15)(c)(1)(C)*

"An amendment adding a party to the complaint after the statute of limitations has run relates back to the timely filed complaint if (1) the amendment asserts a claim arising from the 'conduct, transaction or occurrence' in the original pleading; and (2) within ['the period provided by Rule 4(m) for serving the summons and complaint,'] the party to be added (i) 'received such notice of the action that [that party] will not be prejudiced in defending on the merits' and (ii) 'knew or should have known that the action would have been brought against [that party], but for a mistake concerning the proper party's identity.'"  Abdell  v. City of New York, 759 F. Supp.2d 450, 454 (S.D.N.Y. 2010)(quoting Fed. R. Civ. P. 15(c)(1)(B),(C)).

In Barrow v. Wetherfield Police Department, the Second Circuit noted that "[i]t is familiar law that "John Doe" pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued."  66 F.3d 466, 468 (2d. Cir 1995).  Moreover, Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identifies.  Id. at 470.  Rule 15(c) explicitly allows for relation back due to a "mistake" concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake.  Id.

Here, not only did our office not represent any officer involved during the statute of limitations period but we also lacked notice of the identities of the defendants during the statute of limitations and Rule 4(m) period.  Velez v. Fogarty, No. 06 Civ. 13186 (LAK)(HBP), 2008 U.S. Dist. LEXIS 96999 *22 (S.D.N.Y. Nov. 20, 2008).  Moreover, plaintiff's lack of knowledge of the John Doe defendants does not constitute a 'mistake of identity' allowing relation back under Rule 15(c)(1)(C).  See Hogan v. Fischer, 738 F.3d 509 (2d Cir. 2013)(finding Rule 15(c)(1)(C) not met on the basis that lack of knowledge does not constitute "mistake of identity" where plaintiff unsuccessfully attempted to identify the John Doe defendants for three (3) years).

*Relation Back: CPLR § 1024*

Rule 15(C)(1)(A) instructs the Courts to look at the entire body of limitations law that provides the applicable statute of limitations.  Here, New York State Law pursuant to CPLR § 1024 applies and provides that "the party must exercise due diligence, prior to the running of the statute of limitations" and also "the party must describe the John Doe party 'in such form as will fairly apprise the party that [he] is the intended defendant."  Hogan, 738 F.3d at 519.

Here, plaintiff cannot meet his burden that he exercised due diligence prior to the running of the statute of limitations.  As an initial matter, plaintiff's counsel indicated his client failed to return his phone calls in the weeks leading up to the statute of limitations running.  Clearly, this fails to show due diligence.  Moreover, plaintiff's counsel failed to exercise due diligence by ignoring multiple conferral attempts made by the undersigned to identify the officers, again, in the weeks before the statute ran (putting aside CPLR §1024, which puts the burden on plaintiff, not defendants, to exercise due diligence).

Plaintiff's identification of a video (9 days after the statute of limitations ran) and production of the video (12 days after the video ran) also fails to satisfy his due diligence burden prior to the running of the statute of limitations.  Plaintiff's counsel made no representation, prior to the statute running, that he was aware of the existence of a video and that he was exercising due diligence to obtain said video.  Instead, plaintiff's counsel ignored multiple inquiries from the undersigned to collaborate in identifying the officers.

Similarly, plaintiff's last minute (alleged) FOIL attempts and June 2016 letter cannot satisfy due diligence prior to the running of the statute of limitations where he expended no other efforts to identify the officers involved. JCG v. Ercole, No. 11 Civ. 6844 (CM)(JLC), 2014 U.S. Dist LEXIS 57417 ** 54-55 (S.D.N.Y. April 24, 2014). First, plaintiff waited almost 3 years to file his Complaint.  Moreover, plaintiff ignored multiple attempts by the undersigned to confer regarding identifying the officers.  See Temple v. New York Community Hosp. of Brooklyn, 89 A.D.3d 926, 928, 933 N.Y.S.2d 321 (2d Dep't 2011) (finding no due diligence under [CPLR] § 1024 given lack of pre-filing discovery and noting that plaintiff's "limited discovery demands…served prior to the expiration of the statute of limitations" was insufficient to show diligence because "when the responses received were less than adequate, the plaintiff failed to promptly seek further discovery"). See also Maccharulo v. Gould, 643 F. Supp. 2d 587, 596-97 (S.D.N.Y. 2009) (finding lack of diligence under federal rule where Plaintiff waited until end of statutory period to attempt to identify proper defendants).

Accordingly, defendants request a pre-motion conference for defendant City's anticipated motion to dismiss.

Respectfully submitted,

\_\_/s_____
Joshua Friedman
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Greg Mouton, Esq.  (by ECF)