# MOUTONDELL'ANNO LLP

Gregory P. Mouton, Jr., Esq.

+1 646 706 7481 (t)
+1 646 706 7481 (f)
gmouton@moutondellanno.com

October 5, 2016

Hon. Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N 626
Brooklyn, NY 11201

Via ECF

Re: <u>Bernard Graves v. City of New York</u>, 16 CV 2268 (MKB) (VMS)

Your Honor,

My office represents Plaintiff Bernard Graves in the above-entitled action. In that capacity, I write in opposition to Defendant City of New York's request for a pre-motion conference seeking leave to file their proposed motion to dismiss pursuant to FRCP Rule 12(c). In their pre-motion conference letter, Defendant City of New York is not forthright with the Court on several issues. As set forth below, there is no good-faith basis to move to dismiss this action, and its application should be denied.

Mr. Graves commenced this action on May 5, 2016, alleging violations of his civil rights in connections with an incident occurring on July 20, 2013. Specifically, Mr. Graves alleges that, on that date, he was driving behind his sister's vehicle when his sister became involved in a car accident. When police officers arrived at the scene of the incident, Mr. Graves was physically assaulted by police officers and placed under arrest.

Prior to commencing this action, Mr. Graves made **four** requests to the NYPD for information pertaining to his arrest pursuant to the Freedom of Information Law ("FOIL"). These requests culminated in the issuance of a letter by the NYPD on May 31, 2016, (and after the commencement of this action) alleging that there were absolutely no documents that could be found related to Mr. Graves' arrest. <u>See</u> FOIL Response, Exh. 1.

On June 2, 2016, Defendant City of New York requested, and was granted an extension of time to answer the Complaint. <u>See</u> Docket Entry Nos. 6 & 7. Defendant City of New York requested this extension of time to "investigate the allegations of the complaint."

On June 5, 2016, the undersigned hand-delivered a letter to counsel demanding the names, shield numbers, tax identification numbers, and service addresses for the police officers involved in the incident alleged in the Complaint. <u>See</u> Letter to New York City Law Department, Exh. 2. This

letter includes the various documents that opposing counsel could review in order to determine the names and identities of the police officers involved in the incident.

While Mr. Friedman is correct that I was unable to get into contact with my client until July 25, 2016, what he fails to tell the Court is that the information that he sought was exactly the same information that was contained in the Complaint, and that the only reason that I was contacting my client was to reconfirm all of the information. In other words, Mr. Friedman, had he read the Complaint, would have had all of the answers he already sought.

Mr. Friedman also fails to inform the Court that, at the Initial Conference in this matter on August 1, 2016, Magistrate Judge Vera M. Scanlon indicated to the Mr. Friedman that his argument that there was a lack of due diligence on the part of Mr. Graves was baseless. Specifically, Magistrate Scanlon pointed out that, had Defendant City of New York not requested an extension of time to answer the Complaint, the initial conference would have been scheduled before the statute of limitations had expired, and Mr. Graves would have been in possession of the identities of the officers prior to the expiration of the statute of limitations. However, it was because Defendant City of New York indicated that it needed the extension of time to investigate that the extension was granted. Magistrate Judge Scanlon stated:

> Come on. You're the one who has the information or you don't have the information but you're supposed to get it to him. He asked for the information. You asked for the extension. Otherwise you would have been here. If you had not asked for the extension you would have been in here probably within a month to six weeks after the complaint was filed. So that's -- the reason this conversation is happening now after the statute of limitations has ran is because the City asked for the extension.
>
> Look, I'm not criticizing the practice of trying to identify the officers. It helps. But that's the whole thing that you're complaining about. You're saying I need an extension so I can try to figure out who the officers were. He gave you everything he knew including the information about the sister in the complaint and now you want to say because we asked for more time and -- with the Court after the statute of limitations ran that's totally because you asked for the extension.
>
> So how is that fair? Otherwise you can obviously tell from the docket, right? You asked for the extension and immediately -- immediately following order on the same day this conference was scheduled for just about a week after the answer was due.

Initial Conference Transcript, Exh. 4 at pp. 18:10 – 19:7.

Furthermore, both during and after the Initial Conference it became clear that Mr. Friedman had failed to actually investigate the matter, save for trying to determine if there was a desk appearance ticket or summons that was issued by the NYPD (and which the Complaint indicates Mr. Graves never received). Mr. Friedman failed to even obtain a copy of the SPRINT report/radio logs from the time and place of the incident. These reports would have indicated the vehicle numbers that

responded to the scene of the incident. Using these vehicle numbers, Mr. Friedman would have been able to ascertain the officers operating the vehicles.

In fact, Mr. Friedman could obtain such information within hours. Mr. Friedman's has a police liaison unit down the hall from his office. This unit has immediate access to these documents. Mr. Friedman could have easily obtained the SPRINT report/radio log but has chosen not to do so in order to manufacture this statute of limitations issue.

What is even more interesting about Mr. Friedman's position is that his office conceded in the matter Charles Jordan v. City of New York, 15 CV 6364 (TPG) (S.D.N.Y.) that **exactly the same** steps taken to identify the individual officers is sufficient under N.Y. C.P.L.R. § 1024. See Letter from Joanne M. McLaren, Esq., Exh. 3. In fact, the Court has repeatedly held that FOIL requests alone are enough to establish due diligence under N.Y. C.P.L.R. § 1024. Colson v. Haber, 13 CV 5394 (JG) (CLP), 2016 WL 236220, *4 (E.D.N.Y. Jan. 20, 2016) (finding that FOIL requests made prior to the expiration of the statute of limitations demonstrates due diligence); Wilson v. City of New York, 03 CV 2495 (RLC), 2006 WL 2528468, *3 (S.D.N.Y. Aug. 31, 2006) (same). As occurred in the Jordan matter, Mr. Graves went further, demanding the names of the officers from Defendant City of New York, and even identified documents Defendant City of New York could review to obtain this information. Coupled with Defendant's request for an extension of time to investigate which delayed this case, pushing the initial conference past the statute of limitations, Defendant cannot now say that it has a good-faith basis to dismiss this action.

Given the foregoing, it is respectfully requested that the Court deny Defendant City of New York's request for a pre-motion conference. Thank you for your time and consideration of this matter.

                                              Respectfully submitted,

                                              /s/
                                              Gregory P. Mouton, Jr., Esq.

cc:

Joshua Friedman, Esq. (via ECF)
New York City Law Department
*Attorneys for Defendants*
100 Church Street
New York, NY 10007